UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE FRANK,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN, USP ATWATER,<br><br>                    Respondent. | Case No.   1:21-cv-00568-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 7) |

Before the court is petitioner's motion to appoint counsel. (Doc. No. 7). Petitioner, a federal prisoner, has pending a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. No. 1). On April 8, 2021, the court directed respondent to file a response to the petition. (Doc. No. 5). Respondent's response is not yet due. (*See* Doc. No. 5 at ¶ 1, directing response within sixty days). In his motion, petitioner requests the court to appoint counsel to represent him because he has limited access to the law library and jailhouse lawyers, and he submits the issues in his case are complex. (*Id*. at 1).

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d

1191, 1196 (9th Cir. 1986).  Moreover, the Rules Governing Section 2254 Cases in the United States District Courts require the court to appoint counsel:  (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c).

Here, petitioner was able to file his habeas petition without the aid of counsel, and the court finds that the claims raised therein do not appear to be complex.  Further, the court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations.  Based upon the record, the court finds petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings.  As noted, respondent's response is not yet due.  Provided petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the court will consider appointing counsel to represent petitioner if the court later finds good cause to permit discovery or if the court decides that an evidentiary hearing is warranted in this matter.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 7) is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated:   April 18, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE