UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE FRANK,<br><br>                Plaintiff,<br><br>    v.<br><br>WARDEN USP-ATWATER,<br><br>                Defendant. | Case No. 1:21-CV-00568-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [1]<br><br>ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>ORDER DENYING PETITIONER'S REQUEST FOR EVIDENTIARY HEARING<br><br>(Doc. No. 17) |

Petitioner Jimmy Lee Frank ("Petitioner" or "Frank"), a federal prisoner is proceeding *pro se*, on his petition for writ of habeas corpus filed under 28 U.S.C. § 2241 while incarcerated in Atwater Penitentiary, located in Merced County, California and within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). Respondent filed a Motion to Dismiss the Petition in response. (*See generally* Doc. No. 17, "Motion"). Petitioner filed a response in opposition.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 41).

(Doc. No. 28). Petitioner subsequently filed a "motion pertaining to a new retroactive ruling." (Doc. No. 32). The Court liberally construed the motion as a supplemental response and permitted Respondent to file a reply. (Doc. No. 36). For the reasons set forth more fully herein, the Court grants Respondent's Motion.

## I.  BACKGROUND

### A.  Procedural History

Frank, a federal prisoner, is serving a 55-year sentence for his 2011 plea-based convictions for conspiracy to interfere with commerce by robbery (Count 1), interference with commerce by robbery (Count 18), and two additional counts of using, carrying, possessing, and brandishing a firearm during a crime of violence (Counts 17 and 19) entered by the U.S. District Court for the Western District of Louisiana ("WDLA"). *See United States v. Frank*, 2:04-cr-20115-RGJ-KK-3, Dct. Nos. 178, 179, 248 (W.D. La.).[2] The Petition raises the following ground for relief: based on the Supreme Court's holding in *Johnson v. United States*, 559 U.S. 133 (2010), Petitioner's Hobbs Act robbery crime (Count 18) did not constitute a predicate crime of violence, and therefore may not be used to enhance his sentence under 18 U.S.C. § 924(c). (Doc. No. 1).

Pursuant to 18 U.S.C. § 924(c)(1), Counts 17 and 19, use of a firearm during a crime of violence, required a term of imprisonment of not less than seven (7) years for Count 17, and not less than twenty-five (25) years for Count 19. (Doc. No. 33 at 53-54). On September 24, 2006, Frank was sentenced to 60 months on Count 1, 10 years on Count 17, 10 years on Count 18, and 35 years on Count 19. (Doc. No. 33 at 13, 61-71). The sentences on Counts 1 and 18 were concurrent, and the sentences on Counts 17 and 19 were consecutive, for a total term of 55 years. (Doc. No. 33 at 13). The WDLA sentenced Frank "above the advisory guideline range," due to Petitioner's extensive criminal history, the endangering of lives, "to reflect the seriousness of the offense, [and] promote respect for the law and to provide just punishment." (Doc. No. 70-71).

---

[2] Pursuant to Local Rule 141, the Court granted Respondent's request to seal the WDLA docket and court-of conviction documents. (Doc. No. 24). The Court will cite to the sealed documents filed by Respondent, and available to Petitioner, available at Doc. No. 33.

Frank's conviction and sentence was affirmed on direct appeal by the United States Court of Appeals for the Fifth Circuit on March 26, 2007. (Doc. 33 at 73). In 2012, Frank's filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied by the WDLA as untimely. (*Id*. at 15-18). In August 2017, Frank sought relief via a § 2255 motion in the WDLA based on the Supreme Court's decision in *Dean v. United States*, 137 S.Ct. 1170 (2017). On January 19, 2018, the WDLA denied the motion as an improper second and successive motion within the meaning of § 2255(h), because it was filed without prior authorization from the Fifth Circuit. (Doc. No. 33 at 72-77). In May 2018, after judgment had been entered, Frank filed a letter motion requesting appointment of counsel based on the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2017). (*Id*. at 21). The WDLA denied the motion noting Frank had not yet raised any claims based on *Sessions* in a motion to vacate under § 2255. (*Id*.).

In April 2020, Frank filed a § 2255 motion seeking relief under the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). (Doc. Nos. 17-1 at 5, 33 at 78-79). The WDLA transferred the matter to the United States Fifth Circuit Court of Appeals to determine whether Frank could proceed on his § 2255 motion, and the Fifth Circuit Court of Appeals denied Frank authorization to seek relief through a successive § 2255 petition. (Doc. No. 33 at 79). Accordingly, in September 2020, the WDLA denied Frank's motion for a successive § 2255 seeking relief under *Davis*. (*Id*.).

**B. Current Petition**

Under the guise of this instant § 2241 petition, Frank reasserts that his conviction and sentence are "unconstitutionally vague," based on similar grounds for relief that he raised in his successive § 2255 petitions in the WDLA, except in this case Frank seeks relief under the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010). (Doc. No. 1). Specifically, Frank claims that his Hobbs Act robbery crime (Count 18) did not constitute a predicate crime of violence, and therefore may not be used to enhance his sentence pursuant to § 924(c). Respondent, in its Motion, argues the Court lacks jurisdiction to review the § 2241 petition and the "escape hatch" of 28 USC § 2255 does not apply. (*See generally* Doc. No. 17).

///

3

## II. APPLICABLE LAW AND ANALYSIS

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id.* at 1192. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To demonstrate a remedy is "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an "unobstructed procedural shot at presenting that claim." *Shepherd v. Unknown Party, Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021). A prisoner cannot circumvent the limitations imposed on successive petitions by restyling his petition as one under § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by bringing § 2255 claims in a § 2241 petition).

**A. Actual Innocence**

A factual claim of actual innocence requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). Here, Frank does not dispute the validity of his underlying plea-based convictions. Even if Frank did advance such a claim, his attempt would likely fail. Frank pled guilty to his crimes of conviction. Therefore, any claim of actual innocence is fully inconsistent with his plea of guilty, which is entitled to a strong presumption of truth. *See Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (finding that petitioner was not entitled to application of the § 2255 escape hatch where his claim of actual innocence was contradicted by his guilty plea); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at

4

a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.");*United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

Frank premises his innocence argument on *Johnson v. United States*, 559 U.S. 133 (2010).[3] However, Frank's reliance on *Johnson* as support for his contention that his Hobbs Act robbery crimes (Count 18) did not constitute a predicate "crime of violence" and therefore he is actually innocent of violating § 924(c), is misplaced. (Doc. No. 1). *Johnson* does not address whether a Hobbs Act robbery crime is a crime of violence under § 924(c); rather, *Johnson* held that defendant's prior battery conviction under Florida law could not be categorically characterized as a "violent felony" under § 924(e)(1), because the Florida offense did not require the use of physical force that was "violent force." *Johnson*, 559 U.S. at 133. Violent physical force, use or attempted, is not a required element to violate § 924(c). Rather, § 924(c) imposes an additional penalty on a person who is convicted of using or carrying a firearm during or in relation to a crime of violence. 18 U.S.C. § 924(c)(1). Thus, *Johnson*'s holding, which is restricted to considering only the type of physical force required to violate § 924(e), has no relevance to this Court's consideration of whether Frank is actually innocent of violating § 924(c) based on his Hobbs Act robbery offense.[4] Frank fails to make a claim of actual innocence as required by the escape hatch provision of § 2255(e).

**B. Unobstructed Procedural Shot**

In determining whether a petitioner has not had an "unobstructed procedural shot" at raising his habeas claims, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2)

---

[3] In their motion to dismiss, Respondent incorrectly cites the 2015 Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the ACCA, 18 USC § 924(e)(2)(B)(ii), deeming it unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. However, as discussed herein, Frank's claim is premised solely on *Johnson v. United States*, 559 U.S. 133 (2010).

[4] In further support of the undersigned's conclusions, it is well-settled in the Ninth Circuit and "all of our sister circuits" that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3). *United States v. Dominguez*, 954 F.3d 1251, 1260-62 (9th Cir. 2020) (gathering cases).

whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)). "If an intervening court decision after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his claim." *Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020 (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1047-48 (9th Cir. 2011)). To demonstrate that a petitioner lacked an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060.

Because Frank's *Johnson* claim was available at the time he filed his first § 2255 motion, he had an opportunity to advance the claim he raises in the instant petition. Thus, Frank fails to show that he has not had an "unobstructed procedural shot" to present the claim raised in the instant Petition. The Court finds Frank has failed to state a claim of actual innocence and has failed to show that he has not had an unobstructed procedural shot to present his claim. Thus, Frank's claims are not viable for consideration under § 2241.

**C. First Step Act**

On November 1, 2021, several months after his response to Respondent's motion to dismiss, Frank filed a document entitled "Motion-Pertaining A New Retroactive Ruling § 924(c)(1)(A)." (Doc. No. 32). The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading[s]" of *pro se* litigants. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Thus, the Court liberally construed Frank's pleading as a supplemental response in opposition, and respondent was allowed to file a reply. (Doc. Nos. 32, 36). In his supplemental response, Frank asserted a new ground for relief; namely, that his "imposed enhanced sentence should be vacated" based on the First Step Act's elimination of "stacking" mandatory § 924(c) sentences. *See* 18 U.S.C. § 3582(c)(1)(A) (allowing prisoners to directly petition a district court for compassionate release).

This newly raised ground is not cognizable on federal habeas review. The First Step Act amended portions of Section 924(c), which now provides that the mandatory minimum terms

applicable to subsequent convictions (the "stacking provision") are only applicable after a "prior conviction under this subsection has become final." *See* First Step Act, Pub. L. No. 115-391, Title IV, § 403, 132 Stat. 5221-22 (2018); 18 U.S.C. § 924(c)(1). However, to the extent Frank seeks compassionate relief pursuant to The First Step Act, it is well-settled that such a motion must be brought before the petitioner's sentencing court—here the United States District Court for the Western District of Louisiana. (*See* Doc. No. 1 at 1); 18 U.S.C. § 3582(c)(1)(A); *Bolden v. Ponce*, No. 2:20-cv-03870-JFW-MAA, 2020 U.S. Dist. LEXIS 77249, at *2 (C.D. Cal. May 1, 2020) (explaining that "[o]nly the original sentencing court can entertain" requests for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and that a habeas petitioner "may not short-circuit this requirement to file in the sentencing district by petitioning for such relief pursuant to Section 2241 in the custodial district"); *see also United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (explaining that a motion under § 3582(c) "is undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine the original sentence"). This Court has no jurisdiction under Section 2241 to entertain Frank's compassionate relief request. However, nothing in this order prevents Frank from filing a request pursuant to 18 U.S.C. § 3582(c)(1)(A) in his court of conviction, the United States District Court for the Western District of Louisiana.

### D. Evidentiary Hearing

Frank incorporated a request for an evidentiary hearing "on the merits of the illegal sentence" into his response. (Doc. No. 28 at 3). An evidentiary hearing in a habeas proceeding is granted only under limited circumstances. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, *after* the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The Court finds all facts necessary to consider the Petition are developed in the record and finds an evidentiary hearing is not necessary under the circumstances of this case.

### E. Appointment of Counsel

Frank also incorporated a third request for appointment of counsel into his reply. (Doc.

No. 32 at 4). The Court twice denied Petitioner's previous requests for appointment of counsel on April 19, 2021 and August 4, 2021. (Doc. Nos. 8, 27). Petitioner's renewed request provides no changed circumstances to warrant appointment of counsel. The Court denies Petitioner's third request for the reasons previously set forth in its April 19, 2021 and August 4, 2021 Orders.

Accordingly, it is **ORDERED**:

1. Respondent's motion to dismiss (Doc. No. 17) is GRANTED and the case is dismissed.
2. Petitioner's motion for evidentiary hearing is DENIED.
3. Petitioner's motion for appointment of counsel is DENIED.
4. The Clerk of Court is directed to close this case.

Dated:     February 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE